IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZACHARY DONTE' WALLACE,

    Petitioner,

v.                                      Civil Action No. 3:19CV350

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Zachary Donte' Wallace, a Virginia inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Wallace has filed OBJECTIONS AND REPLY TO RESPONDENT'S MOTION TO DISMISS ("Reply," ECF No. 10.) For the reasons set forth below, the Motion to Dismiss (ECF No. 6) will be granted.

### I. PROCEDURAL HISTORY

#### A. Criminal Proceedings

On December 9, 2013, Wallace was convicted in the Circuit Court of Henrico County ("Circuit Court") of robbery, burglary of a dwelling with intent to commit larceny while armed with a deadly weapon, and two counts of use of a firearm in the commission of a felony and sentenced to an active term of imprisonment of 18 years.

Commonwealth v. Wallace, Nos. CR12-3719-3721 & 3902, at 1-2 (Va. Cir. Ct. Dec. 9, 2013). Wallace appealed. The Court of Appeals of Virginia denied the majority of Wallace's petition for appeal; however, on March 9, 2015, the Court of Appeals of Virginia granted one assignment of error pertaining to Wallace's sentence after the Commonwealth confessed error. Wallace v. Commonwealth, No. 046-14-2, at 1-2 (Va. Ct. App. Mar. 9, 2015).[1] The Court of Appeals of Virginia "remanded to the trial court for entry of a new sentencing order for this charge." Wallace v. Commonwealth, No. 046-14-2, at 1-2 (Va. Ct. App. Mar. 9, 2015). On September 18, 2015, the Supreme Court of Virginia denied his petition for appeal. Wallace v. Commonwealth, No. 150503, at 1 (Va. Sept. 18, 2015).

On December 21, 2015, in accordance with the remand from the Court of Appeals of Virginia, the Circuit Court corrected Wallace's sentence and entered a corrected sentencing order reflecting a sentence of three years on the first firearm conviction. Commonwealth v. Wallace, Nos. CR12-3719-3721 & 3902, at 1-2 (Va. Cir. Ct. Dec. 21, 2015).

---

[1] The Circuit Court sentenced Wallace to five years with two years suspended on his first firearm conviction and that sentence was in error because it exceeded the statutory maximum. See Wallace, No. 046-14-2, at 1 n.1.

2

B. **State Habeas Proceedings**

On August 10, 2016, Wallace filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus, <u>Wallace v. Clarke</u>, No. CL16-2247 (Va. Cir. Ct. Aug. 10, 2016) ("PHC"). On February 27, 2017, the Circuit Court dismissed PHC. <u>Wallace</u>, No. CL16-2247 (Va. Cir. Ct. Feb. 27, 2017). On July 3, 2018, the Supreme Court of Virginia refused Wallace's petition for appeal. <u>Wallace v. Clarke</u>, No. 170681, at 1 (Va. July 3, 2018). On October 4, 2018, the Supreme Court of Virginia denied Wallace's petition for rehearing. <u>Wallace</u>, No. 170681, at 1 (Va. Oct. 4, 2018).

C. **Federal Habeas Petition**

1. **On What Date Was The Petition Filed?**

Wallace states that, on May 1, 2019, he executed and placed his § 2254 petition in the prison mail system for transmission to this Court. (ECF No. 1, at 15.) Generally, the Court considers a submission from an inmate filed on the date that he or she places the filing in the prison mail system for transmission to this Court. See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988). Wallace says that he placed his § 2254 petition in the prison mail system on May 1, 2019. However, the record shows that Wallace did not mail his petition, but, instead, had someone physically bring the petition to the Clerk's Office on May 9, 2019. A receipt docketed in the case notes reflects that "SUSAN BURNETTE" paid the fee in

3

person in the Clerk's Office. (ECF No. 1-1, at 1.) Wallace is not entitled to the earlier date of May 1, 2019 because he did not place it in the prison mailbox for mailing to the Court. The date of filing of the § 2254 petition is May 9, 2019.[2]

## 2. Wallace's Noncognizable Claims For Relief

In his § 2254 Petition, Wallace presents a different set of claims than those that he identifies as his claims in the body of his Memorandum of Law in opposition to the RESPONDENT'S RULE 5 ANSWER AND MOTION TO DISMISS (ECF No. 6). The Court addresses both sets of claims, in turn.

In the § 2254 Petition, Wallace argues that he is entitled to relief on the following four grounds:

> 1) The Trial Court erred by failing to sustain and overruling the Petitioner's Objection to Respondent's Motion to Dismiss, timely filed in the Henrico Circuit Court on February 24, 2017.
>
> 2) The Trial Court erred by failing to overrule and sustaining the Respondent's Motion to Dismiss filed February 3, 2017[.]
>
> 3) The Trial Court erred for failing to grant Appellant habeas corpus relief based upon his Sixth Amendment Ineffective Assistance of Counsel Claim(s) by entry of it's February 27, 2017 Order.
>
> 4) The Trial Court erred for failing to grant Appellant habeas corpus relief based his Fourteenth Amendment Due Process Claims by entry of it's February 27, 2017 Order.

(ECF No. 2, at 2.)

---

[2] Even if May 1, 2019 were the filing date, the § 2254 Petition would be untimely. See Part II below.

Wallace erroneously identifies these four claims as "Trial Court" errors, but Wallace's criminal proceedings were concluded by 2015, and Wallace argues that the four errors asserted in the § 2254 petition occurred in February of 2017 while his state habeas petition was pending in the Circuit Court. Thus, in reality all four claims challenge perceived errors in the state post-conviction habeas proceedings in the Circuit Court.

And, as Respondent correctly notes, these four grounds fail to state a claim for federal habeas relief because Wallace may not challenge errors in his state post-conviction proceedings in federal habeas. In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). And, "[c]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). That is because the habeas petitioner's detention results from the underlying state conviction, not from the state post-conviction collateral proceeding. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to

5

detention and not to the detention itself." (citing <u>Bryant</u>, 848 F.2d at 493; <u>Bel-Bey v. Roper</u>, 499 F.3d 752, 756 (8th Cir. 2007); <u>United States v. Dago</u>, 441 F.3d 1238, 1248 (10th Cir. 2006))). Because the four grounds listed above only raise errors in Wallace's post-conviction proceedings, they will be dismissed.

### 3. The Claims For Relief Asserted In The Reply Brief

In his reply brief in the § 2254 proceedings, Wallace takes issue with Respondent's assertion that the above-listed four grounds are really his true grounds for relief. (Reply 4, 6.) Although those claims are quoted verbatim from the second page of Wallace's Memorandum of Law in Support of Habeas Corpus Petition, Wallace now argues that his actual grounds for relief are those that are listed in the body of the Memorandum of Law. (<u>Id.</u> at 6.) According to Wallace, his actual grounds for federal habeas relief are as follows:

> I) Mr. Wallace's Criminal Convictions Are Constitutionally Infirm Because He Was Deprived Of His Sixth Amendment Right to Enjoy the Effective Assistance of Counsel (Dk. 2, at 7-8);
> A. Trial Counsel rendered constitutionally ineffective assistance of counsel to Petitioner when he failed to present impeaching evidence concerning the identification process of Mr. Wallace (Dk. No. 2, at 8-12);
> B. Counsel was ineffective for failing to conduct an adequate investigation and obtain the Cell Phone Records and use the same to discredit the Commonwealth's key witnesses (Dk. No. 2, at 12-16);
> C. Counsel Was Constitutionally Ineffective for Failing to Timely Object to The Court's Determination that Petitioner had Previous Firearm Convictions which unconstitutionally resulted in Lengthier Sentence for

Petitioner that Could Constitutionally [be] imposed (Dk. No. 2, at 17-32);

II) Petitioner Was Deprived of His Right to Enjoy the Effective Assistance of Counsel on Appeal Because Petitioner's Appellate Counsel Failed to Assign as Error the Sufficiency of Evidence (Dk. No. 2, at 21-23);
    D. Appell[ate] Counsel was ineffective and inadequate when he failed to raise a claim of ineffective assistance of Counsel against trial Counsel when filing an appeal or other post-conviction motions, and assigning as error the Trial Court Errored as a Matter of Law with regards to the Sufficiency of Evidence (Dk. No. 2, at 21-23);

III. Petitioner's Conviction Is Constitutionally Infirm Because Wallace Was Subjected to Prosecutorial Misconduct in Violation of the 14th Amendment to the National Constitution (Dk. No. 2, at 23-32);
    E. Prosecution committed Prosecutorial Misconduct when he failed to provide the Petitioner with full disclosure of the initial police report of multiple description(s) of the Petitioner and suspect's identification given by Lundberg (Dk. No. 2, at 23-32).

(Id. at 6-7.) Quite obviously, these claims are significantly different than those that Wallace identified in his § 2254 Petition. As explained below, these recently raised claims Wallace are untimely. Therefore, they are barred from review here.

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Wallace's second set of claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in

7

custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Commencement And Running Of The Statute Of Limitations**

Wallace's state court conviction at issue here became final on Wednesday, January 20, 2016, when the time to file an appeal of the corrected sentencing order expired. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period

8

begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5:A6 (requiring notice of appeal to be filed within thirty days after judgment).[3]

The statute of limitations on these recently raised claims began to run the following day, January 21, 2016. Two hundred and two days of the limitation period expired before Wallace filed his PHC in the Circuit Court on August 10, 2016. See 28 U.S.C. § 2244(d)(2). Although the Circuit Court denied the petition on February 27, 2017, Wallace timely appealed, and the limitations remained tolled until the Supreme Court of Virginia dismissed the petition for rehearing on October 4, 2018.

---

[3] Both parties state that the limitations period began running on December 17, 2015. This is ninety days after the Supreme Court of Virginia dismissed Wallace's direct appeal and the last day on which he could have petitioned for writ of certiorari to the United States Supreme Court. However, on December 21, 2015, the Circuit Court "set[] aside the sentence" from the original sentencing order, and on "this day sentence[d] the defendant to incarceration . . . for the term of three (3) years." Commonwealth v. Wallace, Nos. CR12-3719-3721 & 3902, at 1-2 (Va. Cir. Ct. Dec. 21, 2015). That corrected sentencing order is a new final judgment because it followed a resentencing. Thus, Wallace's conviction was not final until the time for seeking direct review of that judgment expired on January 20, 2016. See Woodfolk v. Maynard, 857 F.3d 531, 542-43 (4th Cir. 2017) (citation omitted)("where the court remands for a resentencing hearing, which 'clearly may supply a defendant with the basis for a nonfrivolous appeal,' the limitations period does not begin to run until the final judgment is entered following that resentencing); Scott v. Hubert, 635 F.3d 659, 666 (5th Cir. 2011).

Wallace argues that he is entitled to tolling for the ninety-day period during which he could have filed a petition for writ of certiorari with the United States Supreme Court. Wallace is incorrect because "[t]he filing of a petition for certiorari before [the Supreme] Court does not toll the statute of limitations under § 2244(d)(2)." Lawrence v. Florida, 549 U.S. 327, 332 (2007); Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001).

Therefore, the statute of limitations began to run again on October 5, 2018, the day after the Supreme Court of Virginia dismissed his petition for appeal. The statute of limitations then expired on March 16, 2019. Because Wallace failed to file his § 2254 Petition until May 9, 2019, his petition is untimely.[4] Wallace does not argue that he is entitled to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. Accordingly, Wallace's § 2254 Petition is barred from review here.

---

[4] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 6) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Wallace is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Wallace and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 4, 2020